Mr. Justice ThacheR
delivered the opinion of the court.
This is an action upon two bills single, instituted by virtue of a writ of attachment by the trustees of the town of Belmont against Clanton.
A motion to quash the attachment was overruled by the circuit court. The grounds of this motion were a variance between the writ and the affidavit, and the insufficiency of the bond.
The affidavit was of indebtedness to Laird, McCorkle, Chisholm, and Armistead, as trustees of the town of Belmont, while the indebtedness is ascribed in the writ to Laird, McCorkle, and Chisholm, as surviving trustees of the town of Belmont. The indebtedness both in the affidavit and writ is laid to the trustees of the town of Belmont, as they were at the date of each. Between the time of making the affidavit and that of the issuance of the writ, one of the trustees may have died, and, at all events, the variance is immaterial.
The bond was executed by Laird as an individual, and was conditioned that the town of Belmont should prosecute their suit against Clanton with effect. In suits by trustees of a town, and by plaintiffs in similar capacities, some one, from necessity, must act as agent for the rest, and this agency is always apparent, and will be recognized from the face of his proceedings; and hence, where such an agent in an attachment gives a bond in. his own name with surety, binding himself individually, and not purporting to bind the principal in the prosecution, it is a good bond under the statute, and will uphold the attachment. Frost v. Cook, 7 How. 357; Page v. Ford, 2 S. & M. 266; Ford v. Hurd, 4 Ib. 683.
The defendant pleaded non est factum to the action, verified by affidavit. In this state of the pleadings, the plaintiff, upon *571 the trial, proved the signature of Clanton to the instruments, and thereupon read them to the jury without objection. The bills single were payable to the trustees of the town of Belmont. Afterwards the circuit court was requested by the defendant, but declined-to charge the jury, that, under the pleadings in the case, it devolved upon the plaintiffs to prove that they were the trustees of the town of Belmont, at the time of the execution of the bonds sued on, and that without such proof they must find for the defendant.
The court properly refused this instruction, if not upon the ground of the absence of any plea attacking the character of the parties plaintiff, certainly for the reason that the defendant allowed the bills to go to the jury without further objection, as we held at this term in the case of Foote's Ex'rs v. Alliston. [Ante, 124.]
Judgment affirmed.